### SHEPHERD *vs.* JONTE ET AL.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE BUCHANAN PRESIDING.

Where the notary certifies that "notices of protest were served on the endorsers, by letters delivered to them, personally, by L.," etc., it is insufficient. The notary cannot certify what was done by another, so as to bind the endorser.

This is an action against the maker and endorser of a promissory note, protested for non-payment.

The parish judge, acting as notary, certifies, that "notices of protest were served on the endorsers of the note, by letters to them delivered personally; one to William Jones, by Mr. F. T. Laizer, &c." Jones was the endorser sued, and denied that he had been legally notified of protest and non-payment of the note.

There was a verdict and judgment against the defendants, Jonte and Jones, *in solido,* and they appealed.

*McKinney,* for the plaintiff.

*Wills,* for the defendant.

*Bullard, J.,* delivered the opinion of the court.

This case is perfectly clear against the drawer of the promissory note ; but we think the plaintiff has failed to prove the liability of the endorser.    The notary certifies that " notices of protest were served on the endorsers, &c., by letters to them delivered, personally ; one to William Jones, by Mr. F. T. Laizer, and one to Shepherd, by Mr. Edward Buisson," &c.    If the notary had certified the manner in which he had served the notices, it would have been good evidence under the statute ; but he cannot certify what was done by others out of his presence.

The judgment is, therefore, affirmed, as to the defendant, Jonte, with costs, and ten per cent. damages ; and reversed as to William Jones, and judgment is rendered in his favor, as in case of a non-suit, with costs, in both courts.