CLARK
*vs.*
GLOVER ET AL.
the case on the merits, and the appeal must, consequently, be dismissed, with costs in both courts.

CLARK *vs.* GLOVER ET AL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF
EAST FELICIANA, JUDGE SAUNDERS, PARISH JUDGE, PRESIDING.

An affidavit, in which the plaintiff states that " *he fears* the defendant
may remove the mortgaged slave out of the jurisdiction of the state,"
is insufficient to obtain an order of sequestration. He should *state the
facts which induce his apprehension.*

This suit commenced by injunction. The plaintiffs in injunction, S. & T. L. Clark, allege, that in April, 1837, they endorsed a note of one James C. Shule, for two thousand nine hundred dollars, and took a mortgage on a small plantation, and some slaves, to secure them against their endorsement. That said note became due, and was protested for non-payment, and that judgment and execution thereon has been obtained against them, their property seized, and advertised for sale.

They further allege, that said Shule has removed to Texas, but left one of the mortgaged slaves in the possession of one Catherine Glover, and that they are informed and believe said Shule is about to remove said slave out of the state of Louisiana; and pray that it be sequestered; its value being about five hundred dollars.

In a supplemental petition, the plaintiffs allege, there is another of the mortgaged slaves in the hands of Slaughter & Badger, of Port Hudson, worth one thousand dollars, and

which they apprehend may be removed.  They pray that said slave be sequestered, and that Slaughter & Badger be made parties to this suit.

The affidavit sets forth, that the plaintiff, Clark, *fears* the said negro *may be removed beyond the jurisdiction of the state,* unless prevented by a writ of sequestration.

The defendants, Slaughter & Badger, excepted, and prayed that the sequestration be set aside.

1. Because the facts set forth did not authorize it.

2. They are improperly made parties.

3. The affidavit is only sworn to by the attorney of one of the plaintiffs.

4. The affidavit is insufficient, in not showing the facts which *induced the apprehension* that said slave will be removed.

5. Neither of the plaintiffs state, that said slave would be removed out of the state before they could have the benefit of their mortgage.

6. The affidavit is informal and insufficient in several particulars.

They then pleaded various matters to the merits of the plaintiff's demand.

The parish judge presiding, sustained the exceptions, and set aside the sequestration, and the plaintiffs appealed.

*Lawson*, for the appellants.

*Muse*, contra.

*Morphy, J.*, delivered the opinion of the court.

Plaintiffs appeal from a judgment dissolving an order of sequestration, granted at their instance.  The property sequestrated was a slave, whom they allege to have been specially mortgaged to them by one James C. Shule, and to have been sold by the latter, to Slaughter & Badger, in whose possession he now is.  The alleged ground for obtaining this order, was their apprehension that the slave would be removed out of the state.  Various grounds are assigned in the judgment appealed from, for the setting aside of the

EASTERN DIST.
January, 1840.

JOHNS
vs.
BOYLE.

An affidavit, in which the plaintiff states that "*he fears* the defendant is on the eve of running the mortgaged slave out of the jurisdiction of the state, is insufficient to obtain an order of sequestration. He should *state the facts which induce his* apprehension.

sequestration. It will be unnecessary for us to notice them all, because we concur in the opinion expressed by the judge below, as to one of them, to wit: the insufficiency of the affidavit. The plaintiffs make oath, *that they fear that the slave mortgaged may be removed beyond the jurisdiction of the state.* They set forth neither in their affidavit nor in their petition, which is referred to in the affidavit, the facts which induce their apprehension. This is absolutely required by article 275 of the Code of Practice. The mere expression of a fear, which a party may or may not really entertain, cannot, and ought not, entitle him to this extraordinary remedy, especially when, as in the *present case,* it affects the rights of third persons.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.