Hon. PIERRE ADOLPHE ROST, ⎫
Hon. GEORGE ROGERS KING, ⎬ *Associate Justices.*
Hon. THOMAS SLIDELL, ⎭

BRES, Executor, *v.* BOOTH.

To entitle] a plaintiff to sequester mortgaged property, on the ground of his apprehension that it will be removed out of the State before he can have the benefit of his mortgage, he must make oath to the facts which induce his apprehension. C. P. 275, § 6. It is not sufficient to swear that he apprehends the removal. The stat. of 20 March, 1839, s. 6, has not dispensed with this requisite of the Code of Practice.

The surety in a sequestration bond must reside within the jurisdiction of the court which grants the writ. Where the surety is a non-resident, plaintiff cannot cure the defect by substituting afterwards a sufficient surety.

APPEAL·fom the District Court of Caldwell, *Wilson,* J.

*McGuire* and *Ray,* for the appellant. The affidavit is sufficient. *Leavenworth* v. *Plunkett,* 7 La. 243. 1 Robinson, 531. 10 Ibid. 147, 152. If the surety was insufficient, plaintiff should have been allowed to substitute another. 1 Mart. N. S. 185. 6 Ibid. N. S. 673. I0 La. 447. 3 Rob. 440. 9 Ibid. 55. If sufficient grounds appear on the face of the papers to authorize a new sequestration, the first should not be set aside. 3 Mart. N. S. 481. 7 Ibid. N. S. 406.

*Downs* and *Garrett,* for the defendant. The affidavit was insufficient. 5 Mart. N. S. 43. 14 La. 267. 4 Rob. 462. The surety not residing within the jurisdiction of the court, was not such as the law requires; and this defect could not be cured by the substitution of another, after the sequestration was issued. Civil Code, arts. 3011, 3033. Code of Practice, art. 276. 14 La. 245.

The judgment of the court was pronounced by

SLIDELL, J. The sequestration in this case was properly dissolved. 1st.

BRES
v.
BOOTH.

Because the plaintiff did not set forth in his affidavit, either directly or by reference to the allegations of the petition, the facts which induce his apprehension that the mortgaged property will be removed, as required by the 6th clause of article 275 of the Code of Practice, which requisition, applicable to a case of this nature, we do not consider as dispensed with by the act of 1839, *Clark* v. *Glover,* 14 La. 266. 2d. Because the surety on the sequestration bond was not resident within the jurisdiction of the court, and this defect was not cured by the subsequent offer of a new surety.* *Gossett* v. *Cashell,* 14 La. 246.

The appellee asks an amendment of the judgment as regards two allowances made to the sheriff, with privilege on the property sequestered. These orders form no part of the judgment rendered against the plaintiff, from which the plaintiff has appealed. They are separate and independent decrees or orders, made in favor of the sheriff, who is not before us as appellee, and against the property sequestered. Moreover, the record does not show them to be orders rendered contradictorily with the plaintiff. They appear to have been made on the *ex parte* application of the sheriff; and, as regards the plaintiff, we are without evidence to test the necessity or correctness of the charges.

*Judgment affirmed.*

---

* On the trial of a motion to dissolve the sequestration, plaintiff offered to substitute a new surety, residing in the parish, to be bound for any damage which had or might occur in consequence of the issuing of the writ; but the offer was rejected as coming too late.